UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO: |
| **DARVIN CHRIS McMORRIS** | **09-11881** |
| DEBTOR | CHAPTER 7 |

## MEMORANDUM OPINION

Debtor Darvin Chris McMorris moved under 11 U.S.C. §522(f) to avoid two judicial liens. Lienholder Iberia Bank ("Iberia") objected.[1] This opinion explains the reasons the debtor is entitled to avoidance of both liens.

### Facts

Iberia holds the debtor's January 10, 2007 promissory note for $360,000. A mortgage on Ascension Parish immovable property that was not the debtor's residence secured the Iberia debt. Iberia eventually foreclosed on the property by executory process and on November 19, 2009, filed in the Ascension Parish clerk of court's office a $237,132.75[2] judgment against the debtor for the deficiency.[3] The bank's recorded judgment created a judicial mortgage on the debtor's homestead in Prairieville, Louisiana.[4]

McMorris filed chapter 7 on December 2, 2009. The debtor's schedule A reflected that his residence was worth $265,000, though an April 20, 2010 appraisal admitted into evidence

---

[1] Bayou Millwork & Windows, LLC (Bayou"), the holder of the second lien, did not object.

[2] November 19, 2009 Judgment from 23rd Judicial District Court for Ascension Parish, attached to debtor's Motion to Avoid Judicial Liens at p.5. Iberia filed a proof of claim in this case for $300,073.78.

[3] Iberia's Supplemental and Amending Petition for Deficiency Judgment, ¶¶ 4, 5 and 6 (Iberia Exhibit A).

[4] "A judicial mortgage is created by filing a judgment with the recorder of mortgages." La. Civil Code art. 3300.

established that the property was worth only $231,000.[5]  Mr. McMorris claimed a $35,000 exemption on the residence.  Louisiana Constitution article 12, §9 and Louisiana R.S. 20:1.[6]

Four liens encumbered the Prairieville property when the debtor filed bankruptcy:  a Chase Home Finance mortgage with a balance of $191,714; a second mortgage in favor of Capitol One for $60,784; Bayou's judicial lien for $17,288.61; and Iberia's judicial lien for more than $300,000.[7]

## Analysis

Iberia's objection poses the issue of whether a judgment lien that arises out of a foreclosure on immovable property other than the debtor's exempt homestead may be avoided under 11 U.S.C. §522(f), which provides that:

> (1) Notwithstanding any waiver of exemption but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)

*Judicial lien* is defined in 11 U.S.C. §101(36) as a "lien obtained by judgment, levy, sequestration or other legal or equitable proceeding."  Section 522(f)(2) includes a formula for determining whether a lien impairs an exemption.  It states that:

> (2) (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>
> (i)   the lien;
>
> (ii)  all other liens on the property; and

---

[5]  Margaret L. Musso appraisal (Exhibit D-1).

[6]  P-2.

[7]  March 8, 2010 Ascension Parish Mortgage Certificate (Exhibit D-4).

2

>   > (iii) the amount of the exemption that the debtor would claim if there were no liens on the property;
>   >
>   > exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
>   (B) In the case of property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
>
>   (C) This paragraph shall not apply with respect to a *judgment arising out of a mortgage foreclosure*.  (Emphasis added.)

Iberia does not dispute that its deficiency judgment is a judicial lien within the meaning of Bankruptcy Code section 101(36).  However, it argues that its lien arises out of a mortgage foreclosure and therefore is subject to section 522(f)(2)(C) and not avoidable under §522(f)(1).

*(1) Opinions construing 11 U.S.C. §522(f)(2)(C)*

Although no Fifth Circuit opinion addresses this specific issue, the First Circuit has considered the application of 11 U.S.C. §522(f)(2)(C) in a similar context.  *In re Hart*, 328 F.3d 45 (1st Cir. 2003).  The *Hart* debtors lost property to a foreclosure in which the mortgage creditor obtained a judgment against them for the difference between the debt and the amount the property brought at foreclosure sale.  The creditor later obtained a deficiency judgment against the debtors that it recorded in the public record.  The court of appeals affirmed the debtors' use of section 522(f) to avoid the deficiency judgment.

The *Hart* court held that the "this paragraph" language of §522(f)(2)(C) "does not create any exception to otherwise avoidable judicial liens." *Id*. at 48.  It wrote –

> Congress used §522(f)(2)(C) to contrast mortgage foreclosure judgments from liens which are avoidable under §522(f), clarifying that the entry of a foreclosure judgment does not convert the underlying consensual mortgage into a judicial lien which may be avoided.  Mortgage foreclosure judgments

3

> do not become judicial liens subject to avoidance under §522. 'Rather, a deficiency judgment – whether it arises in a foreclosure action … or in a separate action … – is a non-consensual judicial lien like any other which is subject to avoidance under §522(f).'

*Hart*, 328 F.3d at 49, *quoting In re Linane*, 291 B.R. 457,461 (N.D.Ill. 2003).

*Hart* also noted that Congress used the word *lien* throughout section 522(f) except in 522(f)(2)(C), where it referred to *judgment*. *Id*. It reasoned that had Congress intended to exclude deficiency judgment liens from avoidance under section 522, it would have used *lien* in §522(f)(2)(C). *Id*.

The application of 11 U.S.C. §522(f)(2)(C) was also the subject of *In re Been*, 153 F.3d 1034 (9th Cir. 1998). In that case California Central Trust Bankcorp ("CCTB") had obtained a deficiency judgment after a senior creditor foreclosed on the debtor's non-residential real property that also secured CCTB's junior deed of trust. The holder of the senior deed of trust obtained the property through a credit bid, which left nothing for distribution to inferior creditors. CCTB later obtained a default judgment on its deed of trust and note and recorded a judgment lien against the debtor's home. The Ninth Circuit held that even though a mortgage foreclosure led to the CCTB deficiency judgment, section 522(f)(2)(C) did not bar the debtor's avoidance of CCTB's judicial lien because the judgment arose out of an independent action on CCTB's note, rather than an action regarding the deed or the property. *Id*. at 1036-7.

Several bankruptcy courts have followed *Hart* and *Been*'s analysis of section 522(f)(2)(C). For example, in *In re Smith*, 270 B.R. 557 (Bankr. W.D.N.Y. 2001), after examining the operation of New York foreclosure proceedings, the court concluded that §522(f)(2)(C) did not prevent avoidance of a deficiency judgment the creditor obtained after foreclosing on the debtor's non-residential real estate. *Id*. at 561. *Smith* reasoned that the deficiency judgment was only "incidental to the foreclosure." *Id*. Similarly, the court in *In re*

*Linane*, 291 B.R. 457, 460 (Bankr. N.D. Ill. 2003), weighed the avoidability of a judgment lien on the debtors' residence that originated from an earlier foreclosure on their non-residential real property.[8] It reasoned that under Illinois law, although deficiency judgments relate back to foreclosure proceedings, they "arise out of the underlying obligation, not 'out of a mortgage foreclosure,' as required by Section 522(f)(2)(C)." Thus it ruled that the deficiency judgment lien was avoidable because "Congress could not have intended to grant greater rights to holders of judgment liens from mortgage foreclosures on non-exempt property than other holders of judgment liens on . . . exempt property," *id*. at 461, citing *In re Carson*, 274 B.R. 577, 580 (Bankr. D. Conn. 2002).

Two other bankruptcy courts recently have reiterated that §522(f)(2)(C) does not immunize from avoidance deficiency judgments arising out of foreclosures on debtors' non-residential property that become judicial liens on debtors' exempt residences: *In re Burns*, 2010 WL 25000360 (Bankr. N.D. Ohio, June 16, 2010); *In re Phillips*, 2010 WL 816150 (Bankr. N.D. Ala., March 5, 2010).

The thoughtful and comprehensive *Burns* opinion considered all the cases the parties to this dispute rely on. It distinguished "equitable relief of foreclosure from a deficiency judgment" under Ohio law, *Burns* at *6, and held that construing §522(f)(2)(C) to allow avoidance of a deficiency judgment was "faithful to Congressional intent in enacting §522(f) in the first place, which was to provide debtors in a Chapter 7 proceeding with a fresh start and preserve their entitlement to exemptions provided by §522." *Id.* (citations omitted).

The *Phillips* court recognized that in some states a foreclosure judgment or similar decree is issued before a foreclosure sale and is separate from a deficiency judgment. Based on that,

---

[8] Indeed, all the reported decisions collected in this opinion involved creditors whose deficiency judgments followed foreclosures on mortgages on debtors' non-residential property, and not their exempt homesteads.

5

*Phillips* opined that "the obvious purpose behind section 522(f)(2)(C) is to prohibit debtors from avoiding judgments entered during judicial foreclosure proceedings, but before the actual foreclosure sale, and thereby avoid the mortgage-debt established by the judgment to the extent of the debtor's homestead exemption." *Phillips* at *3.

Iberia relies on *In re Criscuolo*, 386 B.R. 389 (Bankr. D. Conn. 2008), where the court refused to allow the debtor to use section 522(f) to avoid a mortgage deficiency judgment. The same court earlier had concluded that a Connecticut deficiency judgment is "part and parcel of a mortgage foreclosure action." *In re Vincent*, 260 B.R. 617, 621-22, n.3 (Bankr. D. Conn. 2000).[9] But in *Criscuolo* the court went beyond analysis of the applicable Connecticut statute and examined what it termed the "Flow of Capital Purpose" behind section 522(f)(2)(C). It compared the provisions of §522(f)(2)(C) to those of 11 U.S.C. §1322(b)(2), which prohibits a chapter 13 plan from modifying the rights of creditors whose debts are secured only by the debtor's principal residence. The *Criscuolo* court held that section 522(f)(2)(C) is "a component of a Congressional scheme of favorable statutory treatment for mortgagees so as to encourage and sustain a flow of affordable capital into the real estate lending market," *Criscuolo* at 394-95, and that as a result section 522(f)(2)(C) barred avoidance of judgments for mortgage debt deficiencies associated with debtors' other, non-exempt property.

*Criscuolo* stands virtually alone in its reading of the statute and it reasoning is not persuasive. Congress left no probative legislative history that it intended section 522(f)(2)(C) to be so restrictive. *See In re Burns*, 2010 WL 25000360, *5 (Bankr. N.D. Ohio, June 16, 2010) (finding *Criscuolo* unpersuasive and noting that the legislative history it relied on "does not support an interpretation of §522(f)(2)(C) that grants greater protection to holders of judgment

---

[9] The *Vincent* court also noted that under the applicable Connecticut statutes "a deficiency judgment is pursued by motion within the foreclosure action." *Vincent*, 260 B.R. at 622, fn.3. This differs from Louisiana's deficiency judgment procedure. See page 7, below.

6

liens from mortgage foreclosures on non-exempt property … than to other judgment lienholders").

In summary, Bankruptcy Code section 522(f) prohibits debtors from avoiding judgments foreclosing on mortgages on their exempt homesteads, but not all judgments related to mortgage debt that may encumber the homestead. The statute specifically does not prevent avoidance of deficiency judgments arising out of foreclosures on property other than the exempt homestead.

*(2) Applying 11 U.S.C. §522(f)(2)(C) in the context of Louisiana law*

The First Circuit in *Hart* did not analyze state law foreclosure processes because it concluded that section 522(f)(2)(C) was unambiguous. *Hart*, 328 F.3d at 49. However, other courts considering the section have parsed state law in agreeing with *Hart*, and a review of relevant Louisiana law leads to the conclusion that *Hart*'s analysis is correct in the context of Louisiana law.

Louisiana Code of Civil Procedure article 2631 allows the holder of a mortgage note to initiate an executory proceeding to enforce the mortgage securing the note. Code of Civil Procedure articles 2634 and 2635 require the creditor to petition for the seizure and sale of the mortgaged property and if the presiding judge is satisfied with the petition and supporting materials,[10] the judge orders the seizure and sale of the property. The order leads to the clerk's issuance of a writ of seizure and sale that is delivered to the sheriff for execution. La. Code Civ. Proc. art. 2638. Though the process culminates in a sheriff's sale of the mortgaged property, a sale by executory process is not an *in personam* proceeding: it does not result in a money judgment against the borrower. *Guaranty Bank of Mamou v. Community Rice Mill, Inc.*, 502 So.2d 1067, 1070 (La. 1987); *Ross v. Brown Title Corp.*, 356 F.Supp 595, 600 (E.D. La. 1973).

---

[10] Article 2635 requires the submission of authentic evidence of the obligation secured by the mortgage and the authentic act of mortgage importing a confession of judgment.

To obtain a money judgment against a borrower in connection with a mortgage foreclosure, a creditor must sue the mortgagor on the debt and for recognition of the mortgage. La. Code. Civ. Proc. 3722. That procedure is known as an ordinary proceeding. In the alternative, the creditor may proceed to the seizure and sale of the property by executory process, and after the sheriff's sale and distribution of the sale proceeds file suit against the debtor for a deficiency judgment. La. Code Civ. Proc. art. 2771; *Guaranty Bank* at 1069.[11] Iberia followed the latter process: its Supplemental and Amending Petition for Deficiency Judgment[12] in paragraph 4 recites that Iberia obtained a writ of seizure and sale pursuant to a Petition for Executory Process. The Supplemental Petition prayed for a deficiency judgment for the balance on the promissory note after crediting the amount Iberia received at the sheriff's sale.[13] Therefore Iberia's deficiency judgment against McMorris was merely incidental to the mortgage foreclosure and not a "judgment arising out of a mortgage foreclosure."[14] Accordingly, section 522(f)(2)(C) does not insulate it from avoidance.

*(3) Determination of impairment under 11 U.S.C. §522(f)(2)(A)*

The result of the calculation using the impairment formula in section 522(f)(2)(A) is that Iberia's and Bayou's liens each impair the debtor's homestead exemption.[15]

---

[11] Iberia was able to sue McMorris for the deficiency after the executory proceeding because the debtor's property was sold after an appraisal in compliance with La. Code Civ. Proc. articles 2771 and 2723.

[12] Iberia Exhibit A. La. Code Civ. Proc. art. 2772 allows a creditor to obtain a deficiency judgment either by converting the prior executory proceeding to an ordinary proceeding or by filing a separate suit. Iberia converted its executory proceeding to an ordinary proceeding by amending its petition and praying for the debtor to be served and for judgment against him, in accordance with La. Code Civ. Proc. art. 2644.

[13] Supplemental and Amending Petition for Deficiency Judgment, paragraphs 5-9.

[14] The November 16, 2009 judgment from the 23rd Judicial District Court for Ascension Parish is a money judgment against the debtor personally; it did not address the mortgage on which Iberia had foreclosed.

[15] Impairment must be determined for each lien separately. *See* 11 U.S.C. §522(f)(2)(B), which states that if a property is subject to more than one lien, an avoided lien is not considered in making the impairment determination.

Iberia offered no evidence contesting the April 20, 2010 appraisal, which established that the debtor's residence is worth $231,000.  The sum of the amounts owed to Chase Home Finance and Capitol One, plus the $35,000 homestead exemption, is $287,498, which exceeds the value of the residence by $56,498.  Adding either the Iberia lien (over $300,000) or the Bayou lien ($17,688.61) to the total only increases the amount by which the liens exceed the home's value.  Therefore, each of the liens separately and fully impairs the debtor's homestead exemption.

## Conclusion

Iberia's judicial mortgage arising from its deficiency judgment is not protected from avoidance by 11 U.S.C. §522(f)(2)(C).  Iberia's lien and Bayou's lien, when added to the mortgage debts, impair the debtor's homestead exemption.  Accordingly, the court overrules Iberia's objection and avoids the liens of Iberia and Bayou in full under 11 U.S.C. §522(f)(1).

Baton Rouge, Louisiana, September 16, 2010.

**s/Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE